Filed 9/18/24  P. v. Nieto CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GUY DANIEL NIETO,<br><br>    Defendant and Appellant. | F086475<br><br>(Super. Ct. No. BF110720A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

In 2006, Guy Daniel Nieto (appellant) pleaded no contest to voluntary manslaughter (Pen. Code, § 192, subd. (a))[1] and admitted a use of a deadly weapon enhancement (§ 12022, subd. (b)), a prior strike allegation (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1)), and a prior prison term allegation (§ 667.5, subd. (b)). He was sentenced to 24 years in state prison.

In 2022, appellant was recalled for resentencing pursuant to Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3) because his judgment included a now invalid prior prison term enhancement (§ 667.5, subd. (b)). (§ 1172.75, subd. (a).) At resentencing, the trial court struck the enhancement, but denied appellant's request to dismiss his prior strike, and resentenced appellant to 23 years in state prison.

This appeal is taken from resentencing. Appellant contends the trial court abused its discretion in declining to dismiss his prior strike conviction in furtherance of justice pursuant to section 1385, subdivision (a). (See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504 (*Romero*).) We conclude no abuse of discretion occurred. We affirm.

## BACKGROUND

### I. Factual Background.

The following factual summary is drawn from the 2006 probation report following appellant's plea.

In June 2005, appellant and the victim began arguing about money in front of a liquor store. They began struggling over the victim's bicycle. The victim grabbed appellant by the neck, causing appellant to nearly fall. Appellant then stabbed the victim multiple times. The victim released his bicycle, and appellant got on it and rode away.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

The victim was transported to the hospital. Medical personnel advised that the victim suffered a stab wound to his neck that cut his carotid artery, and a stab wound to his chest that punctured his heart. The victim also had a stab wound to his left biceps and a laceration on his right shoulder and back. He died from his injuries several days later.

A witness saw appellant return to his apartment complex covered in blood with the victim's bicycle. The witness heard appellant state that he had stabbed someone who "would not give me his bicycle."

Appellant's 12-year-old niece told law enforcement that appellant came home with a bicycle. He had blood on his shirt, pants, and shoes. Appellant's niece stated the next day another family member came over and took the bicycle apart, leaving only the wheels behind.

Appellant's girlfriend told law enforcement that appellant came home covered in blood. She stated appellant claimed he was assaulted by several subjects, including an "old man," who was either assisting the subjects or trying to stop the fight. According to the girlfriend, appellant was hysterical, and stated he did not mean to stab the "old man."

Appellant was interviewed by law enforcement. He initially denied knowledge of the incident. After law enforcement confronted him with the statement of another witness, appellant admitted to stabbing the victim, but claimed he was acting in self-defense. He confirmed the victim was unarmed.

## II.     Appellant's 2006 Plea and Sentence.

The Kern County District Attorney's Office filed an information charging appellant with murder (§ 187, subd. (a); count 1) with robbery-murder special circumstances (§ 190.2, subd. (a)(17)(A)) and a use of a deadly weapon enhancement (§ 12022, subd. (b)), and robbery (§§ 211, 212.5, subd. (c); count 2) with a use of a deadly weapon enhancement (§ 12022, subd. (b)). The People also alleged appellant had a prior strike conviction (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1)) and served a prior prison term (§ 667.5, subd. (b)).

At the plea hearing, the trial court granted the People's motion to amend the information and add count 3, charging appellant with voluntary manslaughter. (§ 192, subd. (a).) Appellant pleaded no contest to count 3, and admitted a use of a deadly weapon enhancement (§ 12022, subd. (b)), a prior strike allegation (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1)), and a prior prison term allegation. (§ 667.5, subd. (b).) The remaining charges and allegations were dismissed.

The trial court sentenced appellant to the upper term of 11 years on count 3, doubled to 22 years for his prior strike (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), plus one year for the use of a deadly weapon enhancement and one year for the prior prison term allegation, for a total sentence of 24 years in state prison.

## III.     2022 Resentencing Proceedings.

In 2022, the California Department of Corrections and Rehabilitation (CDCR) identified appellant as a person in their custody serving a prison term for a judgment that included a now invalid prior prison term enhancement. (§ 1172.75, subd. (b).) Appellant filed a petition for resentencing pursuant to section 1172.75, requesting the court dismiss the prior prison term enhancement. In the resentencing petition, appellant also requested the court dismiss the prior strike conviction, but did not make any argument in support of the request or submit records or other evidence.

At the resentencing hearing, appellant submitted on the resentencing petition. The People introduced a certified copy of appellant's RAP sheet, which was admitted into evidence.

The trial court dismissed the prior prison term enhancement in accordance with section 1172.75, subdivision (a). However, the court declined to dismiss the prior strike conviction, stating:

> "The Court will not exercise its discretion under Penal Code Section 1385 to strike a strike pursuant to [*Romero*] based upon the facts of the case. Here the defendant stabbed the victim, who died from his injuries. Also, the defendant's criminal history as an adult began in 2000.

He picked up his strike—first strike offense in December of 2001 for a [violation of section] 422. He was sentenced to [the] low term of 16 months and violated parole several times after his initial parole date. The last time he was paroled was May 15 of 2005. The date of this incident was June 14th, 2005, about one month after he was last paroled.

"In addition, the Court has not received any information as to the defendant's rehabilitative efforts while incarcerated in CDCR."

At the conclusion of the hearing, the trial court resentenced appellant to 23 years in state prison.

## DISCUSSION

### I. The Trial Court Did Not Abuse Its Discretion In Declining to Dismiss Appellant's Prior Strike Convictions In Furtherance of Justice.

Appellant contends the trial court abused its discretion in denying his *Romero* motion. He argues the court failed to consider several relevant factors, including his youth and the age and nature of his prior strike offense. In the alternative, he claims that even if the court did consider these factors, the ruling was still an abuse of discretion because no reasonable person could agree with it. He requests that the matter be remanded for a new resentencing hearing.

### A. Legal Background—Senate Bill No. 483.

Effective January 1, 2022, Senate Bill No. 483 added section 1171.1, later renumbered section 1172.75, to the Penal Code. Subdivision (a) of that section provides that effectively any prior prison term enhancement "imposed prior to January 1, 2020 … is legally invalid."[2]

Section 1172.75 also sets forth a procedure for defendants serving a sentence with a prior prison term enhancement to obtain relief. First, the CDCR must identify such defendants and notify the court that sentenced them. (§ 1172.75, subd. (b).) Next, the

___

[2] The only exception to this provision is for prior prison term enhancements "imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§ 1172.75, subd. (a).)

sentencing court must review the judgment of each identified defendant and determine whether it includes a qualifying prior prison term enhancement. (§ 1172.75, subd. (c).) If so, the sentencing court must recall the sentence and resentence the defendant. (*Ibid.*)

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) Thus, section 1172.75 authorizes the resentencing court to "revisit all prior sentencing decisions." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425.) The court may also consider "postconviction factors," including "the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

### B. Standard of Review—*Romero* Motion.

In *Romero*, the California Supreme Court "explained that the 'power to dismiss an action,' … 'in furtherance of justice' pursuant to Penal Code section 1385[, subdivision] (a), 'includes the lesser power to strike ... allegations' or vacate findings 'relevant to sentencing, such as the allegation' or finding 'that a defendant has prior felony convictions.' " (*People v. Williams* (1998) 17 Cal.4th 148, 151 (*Williams*).)

In ruling on a motion to dismiss a prior serious and/or violent felony under the "Three Strikes" law, the court must consider the "nature and circumstances" of the present felonies and prior convictions, as well as the defendant's "background, character, and prospects." (*Williams*, *supra*, 17 Cal.4th at p. 161.) The court must then determine whether the defendant should be considered outside of the spirit of the Three Strikes sentencing scheme, in whole or in part, and thus should be treated as though he had not previously been convicted of one or more strike offenses. (*Ibid.*)

We review an order on a *Romero* motion for an abuse of discretion. (*Williams*, *supra*, 17 Cal.4th at p. 162.) This review is guided by two fundamental precepts. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) First, the party challenging the sentence has the burden to clearly demonstrate the sentencing decision was arbitrary or irrational. (*Ibid.*) Otherwise, we presume the trial court acted to achieve legitimate sentencing objectives and will not set aside its discretionary determination to impose a particular sentence. (*Id.* at pp. 376–377.) Second, we will not reverse a sentencing decision merely because reasonable people may disagree. (*Id.* at p. 377.) "Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid.*)

## C.     An Abuse of Discretion Did Not Occur.

The trial court's denial of appellant's motion was not irrational or arbitrary. As the trial court noted, appellant's conduct in the instant offense was egregious. Appellant stabbed the victim in the chest and neck and took his bicycle. While appellant claimed he acted in self-defense, the victim was unarmed. The stabs punctured the victim's heart and carotid artery, killing him. The horrific nature of the current offense clearly supports the trial court's conclusion that appellant does not fall outside of the spirit of the Three Strikes sentencing scheme. (See *Williams*, *supra*, 17 Cal.4th at p. 161.)

The trial court also reasonably relied on appellant's prior criminal history. Appellant became an adult in 2001. In 2002, he received his first strike conviction for criminal threats (§ 422). He violated parole twice after being released and was on parole when he committed the current offense in 2005. He also has prior misdemeanor convictions for illegal weapons possession (former § 12020, subd. (a)), illegal firearms possession (former § 12025, subd. (b)), and domestic violence (§ 273.5, subd. (a)). Appellant's extensive criminal history leading up to his incarceration for the current offense demonstrates "he is the kind of revolving-door career criminal for whom the Three Strikes law was devised." (*People v. Gaston* (1999) 74 Cal.App.4th 310, 320.)

Appellant relies on his youth at the time of the offenses, noting he was age 19 when he was convicted of the prior strike, and age 22 when he was convicted of the current offense.  He also points out that his prior strike conviction was 21 years old at the time of the resentencing hearing.  We agree with appellant that his youth and the remoteness of his prior strike were relevant considerations, particularly in light of the "increasing recognition that young adults are constitutionally different from adults for sentencing purposes because of their diminished culpability and greater prospects for reform."  (*People v. Avila* (2020) 57 Cal.App.5th 1134, 1141–1142.)  But given the severity of the current offense and appellant's criminal history, we cannot say that the presence of these factors rendered the trial court's ruling unreasonable.  Moreover, appellant failed to demonstrate that he has made any effort at rehabilitation while incarcerated.  Instead, the supplemental probation report revealed appellant has been convicted of four in-prison offenses since his conviction on the current offense.  This undermined appellant's suggestion that he has reformed his crime committing ways and should be treated as though he did not have a prior strike offense.

Appellant argues the trial court abused its discretion because it did not mention appellant's youth or the remoteness of his prior strike conviction on the record.  According to appellant, this shows the trial court did not consider these factors in denying his *Romero* motion.  However, "[t]he court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary."  (*People v. Myers* (1999) 69 Cal.App.4th 305, 310; accord, *People v. Edwards* (2022) 76 Cal.App.5th 523, 529; *People v. Brugman* (2021) 62 Cal.App.5th 608, 637.)  Thus, the trial court was not obligated to explain its reasoning as to every relevant factor, and we do not infer that the court failed to consider certain factors because it did not mention them on the record.

Appellant nonetheless contends that this presumption is inapplicable here because the relevance of youth as a mitigating factor "has been at the forefront of criminal law reform."  Appellant provides no authority supporting this assertion.  While we recognize

that youth is an important consideration in a *Romero* motion, so are many other factors, such as the nature of the current offense, prior convictions, and the defendant's background and character. (*Williams*, *supra*, 17 Cal.4th at p. 161.) We decline to find an exception for youth-related factors to the well-established rule that a trial court is not required to state its reasons for declining to dismiss a prior strike. (*In re Large* (2007) 41 Cal.4th 538, 550; *People v. Carmony*, *supra*, 33 Cal.4th at p. 376.)

Finally, appellant claims the trial court should have considered the factual background of his strike offense, which he characterizes as "readily ascertainable." To the extent that it was, we observe that appellant made no effort to provide such information at the resentencing hearing. Because there is nothing in the record on appeal detailing the facts underlying the prior strike conviction, we cannot consider them here.

To conclude, based on the record before this court, we find the trial court's decision not to dismiss appellant's prior strike conviction was not "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.) Even if we disagreed with the trial court's ruling, our role is to determine whether it abused its discretion, not to substitute its judgment with our own. Accordingly, appellant has not demonstrated an abuse of discretion, and this claim lacks merit.

### DISPOSITION

The judgment is affirmed.

LEVY, Acting P. J.

WE CONCUR:


PEÑA, J.


MEEHAN, J.

9.